Opinion of the court, by
Judge Hitchcook :
There were no costs, eo nomine, at common law, although in actions sounding in damages, a practice prevailed of allowing to the plaintiff, in the assessment of the damages, a sufficient sum to re- *358 numerate bim for his necessary expenses. But, in consequence u{ the hardship which a plaintiff must sustain, in expending large sums of money for the purpose of obtaining his right for which he would have no amends, the statute of Gloucester, 6 E. 1, cap. 1, was passed, allowing *costs in certain cases. The subject was frequently, at subsequent periods, before the Parliament of England, and such provisions made as justice and necessity seemed to demand.
In this state costs, as a general rule, have never been allowed to the party recovering judgment. The amount to be taxed, however, has been varied from time to time, the whole being regulated by statute. In order to decide the question, in the present case submitted to the court, it is unnecessary to refer to any of those statutes, except such as are now in force, and have a bearing upon the subject. Those parts of the statute which do bear upon this question are section 67 of the act organizing the judicial courts and regulating the practice, commonly called the practice act, sections 52 and 56 of the act defining the duties of justices of the peace and constables in criminal and civil cases.
The practice act determines the jurisdiction of the court of common pleas, and section 67 provides “that in all actions for libel, slander, malicious prosecution, assault, or assault and battery, action on the case for a nuisance., or against justices of the peace for misconduct in office, if the jury on the trial of the issue, or on inquiry of damages, shall find or assess the damages under five dollars, the plaintiff shall not recover costs.” By the act defining the duties of justices of the peace, jurisdiction is conferred on those officers, in all civil cases, where the matter in controversy does not exceed one hundred dollars, except such cases as are expressly excepted. Section 52 enacts “ that nothing in this act shall be construed or understood to extend to actions of trespass with force and arms for assault and battery, for malicious prosecution, or actions against justices of the peace for misconduct in office, except in cases provided for in this act; actions of ejectment, brought to obtain the possession of lands and tenements; actions of replevin; actions of slander; actions on contracts for real estate, or where the title of land is called in question, except for trespass on real estate, as provided for in this act.” Here we have a list of actions in which justices of the peace have no jurisdiction; in all other cases their jurisdiction is complete, with the limitation *359 before stated as to the amount in controversy. Section 56 of the same act provides, “that if any person or persons shall commence *or prosecute any suit, for any debt or demand by this act made cognizable before any justice of the peace, in any other court than is authorized and directed by this act, and shall obtain a verdict therein for debt or damages, which, without costs, shall not amount to one hundred dollars or more, he, she, or they, so prosecuting, shall not recover any costs in such suits, any law to the contrary notwithstanding.”
The action in the present case is an action for assault, battery, and false imprisonment. It was commenced in the court of common pleas, and the jury assessed the plaintiff’s damage at one dollar and seventeen and a half cents. The plaintiff insists that the action for false imprisonment is an action known to the law as separate and distinct from the action of assault and battery; and inasmuch as it is not named in section 67 of the practice'act, therefore he is entitled to full costs, although the damages assessed are under five dollars. To this it may be answered that if the action of false imprisonment is not named in section 67 of the practice act, neither is it named in section 52 of the justice act; and if the position of the plaintiff, as to the nature of his case, be correct, the cause of action is clearly within the jurisdiction of a justice of the peace. It follows that the plaintiff is placed in this dilemma. If the cause of action is within those specified in section 67 of the practice act, he is not entitled to costs, not having recovered damages to the amount of five dollars. If the cause of action is not included among those named in that section, then it is within the jurisdiction of a justice of the peace, not being excepted in section 52 of the justice act; and he is precluded of his right to recover costs by section 56 of that act, the jury having assessed his damages at a less amount than one hundred dollars.
Judgment must be entered upon the verdict for the-amount of damages assessed, exclusive of .costs.