[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 541.]

THE STATE EX REL. JACKSON, APPELLANT, *v.* MILLER, JUDGE, APPELLEE.

[Cite as *State ex rel. Jackson v. Miller*, 1998-Ohio-4.]

*Prohibition—Writ prohibiting judge from executing a final entry reflecting her decision in a boundary dispute action denied, when.*

(No. 98-700—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD11-1534.

————————————

{¶ 1} After appellee, Franklin County Court of Common Pleas Judge Nodine Miller, entered partial summary judgment in *Jackson v. Bellomy*, case No. 93CVH08-5931, she convened a hearing to consider sanctions under Civ.R. 11 and R.C. 2323.51. At the May 1997 hearing, the parties stated that they had reached a settlement resolving all matters involved in the dispute. The agreement was read into the record, including a statement "[t]hat the property line shall extend from the northeast corner of the Bellomys' garage parallel to the north edge of the garage and out to Linwood Avenue."

{¶ 2} When the parties attempted to reduce the agreement to writing in the form of a journal entry, a dispute arose concerning the actual location of the reformed boundary between Jackson and the Bellomys. Jackson and the Bellomys filed separate motions to enforce the settlement agreement, in which motions they presented different interpretations of the agreement as to the location of the boundary line.

{¶ 3} Judge Miller held a hearing on this disputed aspect of the parties' settlement agreement, and in November 1997, she issued a decision. Judge Miller found that the parties had agreed to a binding settlement, that the agreement's provision regarding the boundary line was "not vague, indefinite or uncertain," and that the only uncertainty was the actual location of the boundary line on the ground.

Judge Miller concluded that based on the parties' settlement agreement and evidence at the hearing, an existing fence between Jackson's property and the Bellomys' property provided the boundary line.

{¶ 4} Jackson then filed a complaint in the court of appeals for a writ of prohibition to prevent Judge Miller from executing a final entry reflecting her decision. In December 1997, Judge Miller entered a judgment incorporating her previous decision. The court of appeals subsequently granted Judge Miller's motion for summary judgment and denied the writ.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*Michael P. Jackson*, for appellant.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Zahid H. Siddiqi*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 6} Jackson asserts in her sole proposition of law that the court of appeals erred in denying her writ of prohibition.

{¶ 7} Absent a patent and unambiguous lack of jurisdiction, a writ of prohibition will not issue because a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 255. If, however, an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127.

**{¶ 8}** Jackson claims that the court of appeals should have granted the writ of prohibition because Judge Miller patently and unambiguously lacked jurisdiction to enter a judgment that contradicted the parties' settlement agreement.

**{¶ 9}** Jackson's claim lacks merit because Judge Miller did not patently and unambiguously lack jurisdiction. Judge Miller possessed jurisdiction to rule on the parties' motions to enforce the settlement agreement. See, *e.g.*, *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 660 N.E.2d 431; *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324. In fact, "[w]here the meaning of terms of a settlement agreement is disputed, * * * a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli v. Fan Co.* (1997), 79 Ohio St.3d 374, 683 N.E.2d 337, syllabus.

**{¶ 10}** Since Judge Miller had jurisdiction to resolve the dispute between the parties concerning their oral settlement agreement, "the fact that she may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition." *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. It is well settled that appeal, not prohibition, is the remedy for the correction of errors or irregularities in the proceedings of a court having proper jurisdiction. *Id.*; *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109, 637 N.E.2d 319, 324.

**{¶ 11}** If we were to adopt Jackson's argument, every potentially erroneous trial court construction of a contract would be subject to review by extraordinary writ rather than by appeal following final judgment. This is not the law. Cf. *State ex rel. Longacre v. Penton Publishing Co.* (1997), 77 Ohio St.3d 266, 268, 673 N.E.2d 1297, 1298, where we affirmed the dismissal of a mandamus action partly on the basis that relator had an adequate legal remedy by a civil action for her claimed breach of a settlement agreement. See, also, *State ex rel. Russell v. Duncan* (1992), 64 Ohio St.3d 538, 597 N.E.2d 142. Significantly, all of the cases cited by

Jackson to support her "jurisdictional" claim were resolved by appeal rather than extraordinary writ. See, *e.g.*, *Spercel.*

{¶ 12} Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____