[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 169.]

THE STATE EX REL. BANC ONE CORPORATION ET AL., APPELLANTS, *v.* WALKER, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Banc One Corp. v. Walker*, 1999-Ohio-151.]

*Prohibition—Writ sought to prevent judge of common pleas court from proceeding in an action involving claims of tortious interference with a contract— Mandamus sought to compel judge of common pleas court to transfer venue of action involving claims of tortious interference with a contract—Writs denied, when—Doctrine of primary jurisdiction does not divest courts of subject-matter jurisdiction, when.*

(No. 99-168—Submitted June 22, 1999—Decided July 28, 1999.)

APPEAL from the Court of Appeals for Erie County, No. E-97-092.

————————————

{¶ 1} Appellee Donald A. Sibbring is an independent insurance agent who conducts business through appellee Data Analysis Services Company ("DASCO"), a company he owns and operates. In 1979, representatives of appellants Banc One Corporation and Banc One Ohio Corporation[1] (collectively referred to as "Banc One") engaged in negotiations with Sibbring concerning his potential appointment as agent of record for Banc One's collateral protection insurance ("CPI") program. CPI is a type of insurance purchased by a lender to protect its interest in collateral in case a borrower breaches an agreement to maintain required insurance on the collateral, *e.g.*, an automobile purchased with loan proceeds. When a borrower breaches an agreement to purchase the required insurance on the collateral, the

---

1. Banc One Corporation was a multistate bank holding company that wholly owned Banc One Ohio Corporation, a bank holding company that owned several Ohio banks. Banc One Ohio Corporation subsequently merged into Banc One Corporation, and in 1998, Banc One Corporation merged with First Chicago/NBD Bank to form Bank One Corporation, a Delaware corporation with its principal place of business in Chicago, Illinois.

lender has the right to buy CPI to protect its interest, and it may charge the cost of the CPI to the borrower.

{¶ 2} From 1980 to 1984, Sibbring acted as agent of record for various Banc One affiliates and procured their CPI. In mid-1984, Banc One canceled its agency agreement with Sibbring, and, effective November 1984, placed its entire CPI program with Transamerica Premier Insurance Company, the corporate predecessor to appellant TIG Premier Insurance Company ("TIG"). Transamerica Premier Insurance Services, Inc. is a wholly owned subsidiary or affiliate of these entities. Transamerica Premier Insurance Company and Transamerica Premier Insurance Services, Inc. are collectively referred to as "Transamerica" in this opinion.

{¶ 3} In 1994, Sibbring and DASCO filed a complaint in the Erie County Common Pleas Court against Banc One, Transamerica, and TIG. Sibbring and DASCO claimed that Transamerica and TIG tortiously interfered with Sibbring and DASCO's contractual relationship with Banc One; that the combined efforts of Banc One, Transamerica, and TIG violated the Valentine Act, R.C. 1331.01 *et seq*., by squeezing out independent insurance agents like Sibbring and permitting appellants to obtain illegal profits through anti-competitive activity; and that this conduct also breached Banc One's, Transamerica's, and TIG's duties of good faith and fair dealing. Sibbring and DASCO sought damages. In July 1997, appellee Judge Robert D. Walker of the common pleas court denied Banc One, Transamerica, and TIG's motion to dismiss the action for lack of subject-matter jurisdiction, or alternatively, to transfer venue of the case to Franklin County. Judge Walker scheduled a jury trial in the matter.

{¶ 4} In August 1997, Banc One and TIG filed a complaint in the Court of Appeals for Erie County for a writ of prohibition to prevent Judge Walker from proceeding in the underlying action or, alternatively, for writs of prohibition and mandamus ordering Judge Walker to transfer the underlying case from Erie County

2

to Franklin County. The court of appeals granted Sibbring and DASCO's motion to intervene as respondents and they and Judge Walker filed answers. Judge Walker also filed a motion for summary judgment. In December 1998, the court of appeals granted Judge Walker's motion for summary judgment and denied the writ.

{¶ 5} This cause is now before the court upon an appeal as of right by Banc One and TIG.

_____

*Vorys, Sater, Seymour & Pease, L.L.P., David S. Cupps* and *Anthony J. O'Malley*, for appellant Banc One et al.

*Flynn, Py & Kruse, L.P.A., William Charles Steuk* and *Wm. R.S. Steuk*, for appellant TIG.

*Kevin J. Baxter*, Erie County Prosecuting Attorney, and *Gary A. Lickfelt*, Assistant Prosecuting Attorney, for appellee Judge Robert D. Walker.

*Murray & Murray Co., L.P.A., John T. Murray* and *Sylvia M. Antalis*, for appellees Sibbring and DASCO.

_____

***Per Curiam.***

{¶ 6} Appellants assert that the court of appeals erred in denying the writs. Based on the following, we find that appellants' claims are meritless and affirm the judgment of the court of appeals.

Prohibition; Primary Jurisdiction; Exclusive Jurisdiction

{¶ 7} Appellants first claim that they are entitled to a writ of prohibition to prevent Judge Walker from proceeding in the underlying action. Although it is evident that Judge Walker and the common pleas court have basic statutory jurisdiction over the claims in Sibbring and DASCO's civil action pursuant to R.C. 2305.01 and 1331.08, appellants nevertheless contend that the doctrine of primary jurisdiction patently and unambiguously divested Judge Walker of that basic jurisdiction. *State ex rel. Jackson v. Miller* (1998), 83 Ohio St.3d 541, 542, 700

N.E.2d 1273, 1275 ("If * * * an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions.").

{¶ 8} The doctrine of primary jurisdiction applies where a claim is originally cognizable in a court and enforcement of the claim requires the resolution of issues that have been placed within the special expertise of an administrative body. *United States v. Western Pacific RR. Co.* (1956), 352 U.S. 59, 63-64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126, 132; *United States v. Haun* (C.A.6, 1997), 124 F.3d 745, 749. Under this doctrine, the judicial process is suspended pending referral of the issues to the administrative body for its views. *Id.*

{¶ 9} Contrary to appellants' contentions, the doctrine of primary jurisdiction does not divest a court of subject-matter jurisdiction. *Reiter v. Cooper* (1993), 507 U.S. 258, 268-269, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604, 617-618. In *Reiter*, 507 U.S. at 268, 113 S.Ct. at 1220, 122 L.Ed.2d at 617, the United States Supreme Court rejected a claim that the doctrine of primary jurisdiction required dismissal of a court action where petitioners did not initially present their unreasonable-tariff-rate claims to the Interstate Commerce Commission because potential referral of issues to an administrative agency did not deprive the court of jurisdiction. Appellants similarly claimed here that the doctrine of primary jurisdiction required dismissal of the underlying action for lack of subject-matter jurisdiction.

{¶ 10} Therefore, because it is not a *jurisdictional* defect, appellants' claim that primary jurisdiction patently and unambiguously divested Judge Walker of jurisdiction is meritless. In other words, potential referral of an issue to an administrative agency under the primary jurisdiction doctrine where an action is filed does not deprive the court of jurisdiction over the matter so as to require dismissal of the case. *Id.*

{¶ 11} In addition, the General Assembly has not conferred exclusive jurisdiction over Sibbring and DASCO's claims of tortious interference with a contract, violation of the Valentine Act, and breach of the duties of good faith and fair dealing in an administrative agency. When the General Assembly intends to vest exclusive jurisdiction in a court or agency, it provides it by appropriate statutory language. Cf. *State ex rel. Taft-O'Connor '98 v. Franklin Cty. Court of Common Pleas* (1998), 83 Ohio St.3d 487, 488, 700 N.E.2d 1232, 1233 (Ohio Elections Commission has exclusive jurisdiction pursuant to R.C. 3517.151[A] over claims of fraudulent and false statements in campaign advertising); *State ex rel. Ohio Edison Co. v. Parrott* (1995), 73 Ohio St.3d 705, 708-709, 654 N.E.2d 106, 109 (Supreme Court has exclusive jurisdiction under R.C. 4903.12 and 4906.12 to enjoin construction of a board-approved transmission line); *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609 (Court of Claims has exclusive, initial jurisdiction under R.C. 2743.02[F] to determine whether public employee is immune from suit). As the court of appeals concluded, nothing in R.C. Title 39 patently and unambiguously confers exclusive jurisdiction of the claims in the underlying action on the Department of Insurance.

{¶ 12} The United States Court of Appeals for the Sixth Circuit similarly noted in an appeal involving a federal class action against Bank One, Columbus, N.A., and TIG concerning their CPI program that " '[t]he fact that the unlawful practices alleged in the instant case involve a scheme for passing on the cost of insurance premiums does not convert this case into one limited to the insurance industry.' " *Kenty v. Bank One, Columbus, N.A.* (C.A.6, 1996), 92 F.3d 384, 393, quoting *Bermudez v. First of America Bank Champion, N.A.* (N.D.Ill.1994), 860 F.Supp. 580, 591. We have also permitted a comparable claim against TIG for tortious interference with a contractual relationship to proceed in common pleas

court.  *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863.

{¶ 13} None of the cases cited by appellants requires a contrary result. Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ.  See, *e.g., Salvation Army v. Blue Cross & Blue Shield of N. Ohio* (1993), 92 Ohio App.3d 571, 636 N.E.2d 399; *Elwert v. Pilot Life Ins. Co.* (1991), 77 Ohio App.3d 529, 602 N.E.2d 1219; *Strack v. Westfield Cos.* (1986), 33 Ohio App.3d 336, 515 N.E.2d 1005; *Allen v. Golden Rule Ins. Co.* (Aug. 15, 1990), Montgomery App. No. 12109, unreported, 1990 WL 119288; *Orra v. Ohio Fair Plan Underwriting Assn.* (Mar. 31, 1988), Lucas App. No. L-87-233, unreported, 1988 WL 36380; *Kimpel v. Dairy Farm Leasing Co., Inc.* (Jan. 9, 1987), Williams App. No. WMS-86-8, unreported, 1987 WL 5310. Further, *Salvation Army* based its main holding on the failure to exhaust administrative remedies, which is a nonjurisdictional defect.  *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 674 N.E.2d 1388, syllabus.  The court of appeals in *Elwert* expressly permitted a trial court to proceed on a former insurance agent's claim for tortious interference with a business relationship against a life insurance company.  And the insurance claims found not to be cognizable in courts in *Elwert, Strack, Allen, Orra*, and *Kimpel* were based on specific, alleged violations of R.C. Title 39.  In contrast, Sibbring and DASCO's claims do not expressly assert a right to recovery based on any alleged insurance law violations.

{¶ 14} Appellants' reliance on *State ex rel. Blue Cross & Blue Shield Mut. of N. Ohio v. Carroll* (1985), 21 Ohio App.3d 263, 21 OBR 307, 487 N.E.2d 576, is also misplaced.  In *Blue Cross*, the court of appeals granted a writ of prohibition to prevent a trial court judge from enforcing a preliminary injunction on restraining an insurance company's allegedly misleading or deceptive advertising.  The claims in *Blue Cross* were completely remediable by the Department of Insurance and its Superintendent.  R.C. 3901.21 and 3923.16.  Here, however, it is not patent and

unambiguous that Sibbring and DASCO's claims would likewise be completely remediable by administrative proceedings under R.C. Title 39.

{¶ 15} Therefore, Judge Walker does not patently and unambiguously lack jurisdiction over Sibbring and DASCO's claims, and appellants have an adequate remedy by appeal in the underlying action to raise their contentions. *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 152, 684 N.E.2d 1234, 1236. Appellants are consequently not entitled to the requested writ of prohibition.

Mandamus and Prohibition; Venue

{¶ 16} Finally, appellants are not entitled to a writ of mandamus to compel Judge Walker to transfer venue of the underlying action from Erie County to Franklin County. Nor are they entitled to a writ of prohibition to prevent Judge Walker from proceeding in the underlying action because of the claimed improper venue in Erie County. Extraordinary relief in mandamus or prohibition generally does not lie to challenge a decision on a motion to change venue because appeal following a final judgment provides an adequate legal remedy. *State ex rel. Lyons v. Zaleski* (1996), 75 Ohio St.3d 623, 625, 665 N.E.2d 212, 215. The cases relied on by appellants are inapposite because there is neither a prospect of simultaneous multiple actions nor a risk of appellants' having to resort to an additional remedy besides mere retrial of a case following potential reversal on appeal. 75 Ohio St.3d at 625-626, 665 N.E.2d at 215, distinguishing *State ex rel. Starner v. DeHoff* (1985), 18 Ohio St.3d 163, 18 OBR 219, 480 N.E.2d 449, and *State ex rel. Ohio State Racing Comm. v. Walton* (1988), 37 Ohio St.3d 246, 525 N.E.2d 756.

{¶ 17} Banc One specifies no facts establishing that appeal would not be a complete, beneficial, and speedy remedy, and TIG's contentions that appeal from any subsequent adverse final judgment would be inadequate because it would be "too costly" are without merit. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 395, 678 N.E.2d 549, 553-554. The mere fact that postjudgment appeal

may be expensive to pursue does not render appeal inadequate so as to satisfy extraordinary relief. *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 379, 667 N.E.2d 1189, 1194.

{¶ 18} Based on the foregoing, appellants did not establish entitlement to the requested extraordinary relief. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____