[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
This matter is before the court on a motion to dismiss filed by appellees, Beavercreek City School District Board of Education, William J. Ruddell, Ronald Bickert, and Donna Stethem (collectively referred to as "Beavercreek defendants"). The motion to dismiss is based on the Beavercreek defendants' contention that an order transferring the underlying case from Montgomery County Common Pleas Court to the Greene County Common Pleas Court is not a final, appealable order.
The underlying case was filed in Montgomery County on March 30, 1998, by Frank Jetter and Ruth Ann Doherty. According to the allegations in the complaint, Jetter was employed as a school custodian by the Beavercreek School District. Doherty was also employed as a custodian until February, 1998, when she resigned. During the time that Jetter and Doherty worked for the school district, they had problems with co-employee and fellow custodian, Ronald Abbott. Among other things, Abbott allegedly sexually harassed Jetter and Doherty and burglarized Jetter's home. Abbott was convicted of burglary in April, 1997, in connection with this latter conduct, and was then imprisoned.The original complaint was filed against five individual defendants, including Abbott. However, neither the Beavercreek School District Board of Education (Board), nor any current Board employee was named as a defendant. Subsequently, on October 2, 1998, an amended complaint was filed, adding Board employee, Donna Stethem, as a defendant. Stethem was a co-employee of Jetter, Doherty, and Abbott, and was employed by the Board at the time the amended complaint was filed.
Eventually, a second amended complaint was filed in Montgomery County on October 30, 1998. This time, the Board, the Beavercreek School Superintendent (Ronald Bickert), and the Board's Business Director (William Ruddell), were added as parties. However, by the time the second amended complaint was filed, the Board had already filed a declaratory judgment action against Jetter and Doherty in Greene County Common Pleas Court.
The Greene County action was filed by the Board as the sole plaintiff. In its complaint, the Board said that it had become aware of citizen concerns about Jetter's conduct. As a result, the Board had investigated and recommended disciplinary action against Jetter. The Board further alleged that Jetter and Doherty had threatened to bring legal actions for sexual harassment, invasion of privacy, and conspiracy against the Board and its employees, including Bickert, Ruddell, and Stethem. Accordingly, the Board raised issues of qualified and absolute immunity, and asked the court to declare that the Board and its employees were immune from suit under R.C. Chap. 2744.
In the Montgomery County case, Jetter and Doherty had alleged that various defendants, including Abbott and Stethem, had conspired to harass and defame Jetter and Doherty, and to cause them serious emotional distress. The claims against the Board, Bickert, and Ruddell were based on the Board's failure to properly investigate and protect Jetter and Doherty from Abbott's harassment and misconduct. In addition, Jetter and Doherty alleged that the Board, Bickert, and Ruddell retaliated against them for filing charges with the Ohio Civil Rights Commission and the Equal Employment Opportunities Commission. The retaliatory acts included unjustified drug testing of Jetter and Doherty, and improper suspension and termination procedures initiated against Jetter.
After the Greene County action was filed, the Beavercreek defendants filed a motion to dismiss the Montgomery County case, or alternatively, to transfer it to Greene County, based on the "rule of priority" (also known as the jurisdictional priority rule). Under this rule, if courts have concurrent jurisdiction, "the court that first obtains in personam jurisdiction has jurisdiction to proceed to judgment to the exclusion of all other courts." Adams Robinson Ent. v. Envirologix Corp. (1996),111 Ohio App.3d 426, 430. An exception exists where the court with inpersonam jurisdiction cannot afford the plaintiff complete relief because its powers are defective or limited. Id.
On July 2, 1999, the Montgomery County Common Pleas Court granted the motion to transfer. In its decision, the court noted that the Board was not a party to the original complaint filed by Jetter and Doherty. Based on this fact, the court concluded that the second amended complaint did not relate back to the date of the original complaint. Therefore, the Board's declaratory judgment action was first in time and Greene County acquired initial jurisdiction.
Following the transfer order, Jetter and Doherty appealed to our court. We then put on a show cause order, asking Jetter and Doherty to explain why the appeal should not be dismissed for lack of a final, appealable order. However, before a response was filed, the Beavercreek defendants filed a motion to dismiss the appeal for lack of a final, appealable order. Subsequently, Jetter and Doherty filed a response to our show cause order and a response to the motion to dismiss. Since both these matters are at issue, we will consider them together.
According to the Beavercreek defendants, this appeal is premature because the trial court decision does not satisfy R.C.2505.02 requirements for final, appealable orders. In contrast, Jetter and Doherty claim that the trial court erred in transferring the case to Greene County. Specifically, they feel that because a jurisdictional rule is involved, the case should have been dismissed for lack of jurisdiction instead of being transferred. In this regard, they argue that if the trial court had taken the correct action, i.e., had dismissed the case, they would have had the right to appeal.
Beavercreek's position on this point is that the "rule of priority" only applied to the action against the Board, not the entire case that was before the Montgomery County Common Pleas Court. Consequently, the trial court could not have dismissed the entire lawsuit However, the court could, and did properly transfer the entire case to another county.
When we decide if an order is final and appealable, we do not consider what the trial court might have done, nor do we look at the merits of the appeal. The fact is that the trial court did not dismiss the action. To the contrary, it simply transferred the case to a different county where another action was pending. Thus, the trial court's alleged procedural error and the claimed right of appeal from a dismissal order are irrelevant to our analysis. Instead, the sole relevant issue is whether the order itself is final and appealable.
In looking at the substance of the trial court order, we find that it had the same effect as an order granting a motion for change of venue. The issue then becomes whether such an order is final and appealable. Under R.C. 2505.02(B), an order is final and may be reviewed if it:
 (1) * * * affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) * * * affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) * * * vacates or sets aside a judgment or grants a new trial;
 (4) * * * grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) * * * determines that an action may or may not be maintained as a class action.
After reviewing the record, we find that categories three and five are obviously inapplicable, since they deal with orders vacating judgments, class action orders, and the like. Similarly, the first category clearly does not apply, since the transfer order did not determine the action and prevent a judgment. Even after transfer, Jetter and Doherty may still obtain judgment in their favor.
Category two (special proceedings) also does not permit the appeal. In this regard, R.C. 2505.02(A)(2) defines a "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Notably, this statement is in the conjunctive, i.e, it says an action must be "specially created by statute and * * * [must] not [be] denoted as an action at law or a suit in equity" (emphasis and parenthetical material added).
The underlying action brought by Jetter and Doherty includes claims for defamation, infliction of emotional distress, and sexual harassment. Defamation, or libel and slander actions, are not created by statute, and were recognized as actions in law or suits in equity before 1853. See, e.g., Fisher v. Patterson
(1846), 14 Ohio 418, 426, and Watson v. Trask (1834), 6 Ohio 531,531-533. Therefore, defamation claims could not form the predicate for a "special proceeding."
In contrast, claims for negligent and intentional infliction of emotional distress, absent a contemporaneous physical injury, were not denoted as actions at law or suits in equity before 1853. Specifically, Ohio has only allowed recovery for such claims since 1983. See Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131, and Yeager v. Local Union 20, Teamsters, Chauffeurs,Warehousemen, Helpers of America (1983), 6 Ohio St.3d 369. Nonetheless, these claims still do not qualify as "special proceedings," because they are not "specially created by statute."
Finally, with regard to sexual harassment claims, such claims are created by statute, but they also arise from the common law. For example, R.C. 4112.02 prohibits discriminatory practices, including sexual harassment. However, the Ohio Supreme Court has said that R.C. 4112.02 is not an exclusive remedy and does not preempt common law remedies for sexual harassment. Helmick v.Cincinnati Word Processing, Inc. (1989), 45 Ohio St.3d 131,134. In Helmick, the complaint alleged "intentional and negligent infliction of emotional distress, assault and battery, invasion of privacy, defamation of character and tortious interference with and breach of * * * employment contracts." Id. at 132. These intentional tort claims were construed by the court as sexual misconduct or harassment claims, which were not preempted by the statute. Id. at 134-35.
Furthermore, even though infliction of emotional distress was not denoted as an action at law or suit in equity before 1853, assault and battery were so denoted. See, e.g., Bell v. Bates
(1828), 3 Ohio 380. As a result, a sexual harassment claim is not solely created by statute, and certain aspects of this type of claim were also known in law or equity before 1853.
However, even if we assumed that a sexual harassment claim fits the criteria for a "special proceeding," the order entered in this case is still not a final, appealable order under R.C.2505.02(B)(2), since it does not affect a substantial right. Specifically, venue orders do not normally affect a substantial right, because appeal after judgment is an adequate legal remedy. See, e.g., Tandon v. Tandon (Dec. 27, 1999), Jefferson App. No. 99 JE 30, unreported, and State ex rel. Banc One Corp. v. Walker
(1999), 86 Ohio St.3d 169, 173.
The only remaining choice is R.C. 2505.02(B)(4), which allows immediate appeal of the grant or denial of provisional remedies. Technically, a venue order can qualify as a provisional remedy because it prevents a judgment in favor of the appealing party with respect to the venue decision. However, the remaining prong of R.C. 2505.02(B)(4) is not satisfied, since the appealing party is afforded an effective remedy by way of appeal after final judgment. 86 Ohio St.3d at 173. In this regard, we note that Jetter and Doherty have not given us a reason why they cannot effectively appeal the venue decision after final judgment.
Based on the preceding analysis, we find that the order transferring the underlying action to Greene County fails to satisfy the requirements in R.C. 2505.02(B) for final, appealable orders. Accordingly, the Beavercreek defendants' motion to dismiss this appeal for lack of a final, appealable order is well-taken and is granted. This matter is dismissed.
IT IS SO ORDERED.
 ________________________ PER CURIAM
WILLIAM H. WOLFF, JR., MIKE FAIN, Judge, FREDERICK N. YOUNG, Judges.