OPINION
Appellant Colleen Johnson appeals the decision of the Muskingum County Court of Common Pleas, Domestic Relations Division, to transfer venue of a civil protection order to the Knox County Court of Common Pleas, Domestic Relations Division. The following facts give rise to this appeal. The parties to this action, Appellant Colleen Johnson and Appellee Roy Warner, III, were divorced in the Knox County Court of Common Pleas, Domestic Relations Division, on December 13, 1990. Two children were born as issue of the marriage: Dustin Warner, born July 12, 1984, and Dirk Warner, born January 30, 1987. Pursuant to an order filed on October 28, 1998, by the Knox County Court, in the divorce case, the trial court terminated appellee's companionship rights with the parties' minor children and also terminated his right to access the children's records. The trial court based its order on the fact that appellee received his third DUI, second domestic violence charge and was confined to a mental health treatment facility. By agreement of the parties, the Knox County Common Pleas Court, Domestic Relations Division, filed an order, on February 4, 1999, which extended the termination of companionship rights and access to the children's records until further order of the court. On November 10, 1998, appellant obtained an ex-parte civil protection order in Muskingum County due to appellee's threats and violence. Following a hearing, appellant obtained a permanent civil protection order on November 17, 1998. On October 13, 1999, appellee filed a motion to modify the civil protection order, or in the alternative, transfer the request for modification of the civil protection order to the Knox County Court of Common Pleas, Domestic Relations Division. Appellant filed a motion in the Knox County Court of Common Pleas, Domestic Relations Division, to have the venue of the divorce case changed to Muskingum County and heard in conjunction with the civil protection order modification requested by appellee. On December 15, 1999, the Muskingum County Court of Common Pleas, Domestic Relations Division, filed a judgment entry transferring venue of the civil protection order case to the Knox County Court of Common Pleas, Domestic Relations Division, in order that the civil protection matter can be heard in conjunction with the divorce case. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR CHANGE OF VENUE OF A CIVIL PROTECTION ORDER TO THE DETRIMENT OF THE PETITIONER.
 II. THE COURT ERRED IN ENTERTAINING AN AMENDMENT TO THE CIVIL PROTECTION ORDER.
 I, II
In her First Assignment of Error, appellant contends the trial court erred when it granted appellee's request for change of venue from the Muskingum County Court of Common Pleas, Domestic Relations Division, to the Knox County Court of Common Pleas, Domestic Relations Division. Appellant contends, in her Second Assignment of Error, that the trial court erred in entertaining an amendment to the civil protection order. For the reasons that follows, we will not address the issues raised in appellant's First and Second Assignments of Error as they do not present this court with a final appealable order for review. On July 22, 1998, the General Assembly amended the statute that addresses final orders. The statute provides courts with a definition of several categories of orders which are final and thus reviewable on appeal. Section (B) of the statute defines five categories of final orders. R.C. 2505.02(B)(1), (2) and (3) are not applicable to the case sub judice because they were also contained in the version of R.C. 2505.02 as it existed prior to the amendment in 1998 and these subsections of the statute do not define a grant or denial of a motion for change of venue as a final appealable order. See Tandon v. Tandon (Dec. 27, 1999), Jefferson App. No. 99 JE 30, unreported, at 1. Further, R.C. 2505.02(B)(5) is not applicable to this matter because it addresses those orders which determine whether an action may or may not be maintained as a class action. The issue raised in the case sub judice does not involve class certification. Therefore, we are left with R.C.2505.02(B)(4), which provides as follows: (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
As to the applicability of Section (B)(4) of the statute, we agree with the Seventh District Court of Appeal's analysis in the Tandon case. The court concluded that: Even if this court were to assume that a motion for a change of venue is a provisional remedy and that R.C. 2505.02(B)(4)(a) has been met, we still would be precluded from holding that we have been presented with a final appealable order as appellant is unable to meet the requirements of R.C. 2505.02(B)(4)(b). As the Ohio Supreme Court recently stated in State ex rel. Banc One Corp. v. Walker (1999), 86 Ohio St.3d 169, [173,] an appeal following a final judgment provides an adequate legal remedy as related to a trial court's decision on a motion to change venue. Tandon at 2.
Accordingly, appellant's First Assignment of Error is dismissed for lack of a final appealable order because we do not have jurisdiction to address this issue until such time as a final judgment is rendered in the underlying action. As to the issue raised in appellant's Second Assignment of Error, at the present time, the trial court has not amended the civil protection order and may decide not to do so. For us to speculate that the trial court will entertain such an amendment is premature. Therefore, we must also dismiss appellant's Second Assignment of Error for lack of a final appealable order.
For the foregoing reasons, the appeal from the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby dismissed.