OPINION
Defendant-appellant CGS Worldwide, Inc. [hereinafter CGS] appeals the December 6, 1999 Judgment Entry of the Richland County Court of Common Pleas which denied CGS' Motion for Change of Venue, or in the alternative, Motion to Dismiss, pursuant to Civ.R. 3(D). Plaintiff-appellee is Mansfield Restaurant, Inc. [hereinafter Mansfield Restaurant].
 STATEMENT OF THE FACTS AND CASE
On or about February 11, 1998, Mansfield Restaurant, an Ohio corporation, entered into a written Agreement with CGS, a Texas corporation. The Agreement authorized CGS to purchase all of Mansfield Restaurant's "rights, title and interest in all checks of $1,000.00 or less, forwarded to [CGS] by or in behalf of the [Mansfield Restaurant], that have been returned to [Mansfield Restaurant] for reason of insufficient funds." Contained in the Agreement is a forum selection clause which states that "[a]ny action or proceeding brought by either party which is based on or derived from this agreement shall be brought in a County or State location within the county of Tarrant (State of Texas)." Mansfield Restaurant alleges that it operates three family restaurants, each restaurant having its own, separate bank account. On or about July 12, 1999, Mansfield Restaurant wrote a check on one of its restaurant's accounts, to be deposited into another one of its restaurant's accounts. The check was in the amount of $42,500.00. The check was returned for insufficient funds and forwarded to CGS. Mansfield Restaurant alleges that it contacted CGS, informed them that the check had been erroneously forwarded to CGS and requested that it be returned. Mansfield Restaurant asserts that CGS refused to return the check and demanded an additional $999.99 for service charges and sales tax. On September 13, 1999, Mansfield Restaurant filed a Complaint in the Richland, Ohio, Court of Common Pleas in which it claimed that CGS willfully, wantonly, and maliciously failed to return the check, and brought claims of conversion and breach of contract. On October 28, 1999, CGS filed a Motion to Change Venue or in the alternative, to Dismiss the Complaint, pursuant to Civ.R. 3(D), based upon a choice of forum and choice of law clause in the Agreement between the parties. On December 6, 1999, the trial court denied the Motion finding that, even if the forum selection clause were enforceable, the choice of forum clause only applied to actions for breach of that contract. The trial court reasoned that the contract involved checks for less than $1,000.00 only and this check was written for more than $1,000.00. Therefore, although appellee included a breach of contract claim in addition to a claim of conversion, the trial court concluded that appellant was really bringing a tort claim of conversion, not a breach of the contract claim. Thus, the trial court concluded that venue was appropriate in Richland County. It is from the December 6, 1999, Judgment Entry that appellant CGS brings this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO CHANGE VENUE AND ALTERNATIVE MOTION TO DISMISS WHEN THE PARTIES FREELY BARGAINED FOR A FORUM SELECTION CLAUSE AND PLAINTIFF FAILED TO ADDUCE ANY EVIDENCE THAT ENFORCEMENT WOULD BE UNREASONABLE OR UNJUST.
Appellant's Motion to Change Venue, or in the alternative, Dismiss was brought pursuant to a choice of forum clause in the contract between the parties and Civ.R. 3(D). Appellant appeals the trial court's denial of that Motion. However, to be appealable, an order must be a final order, within the meaning of R.C. 2505.02. Revised Code 2505.02 states: An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action. R.C. 2505.02(B) We find that R.C. 2505.02(B)(1) does not apply because the trial court's judgment in the case sub judice does not determine the action or prevent a judgment. The question of venue or choice of forum is procedural and does not decide a party's claims. See Duryee, et al v. Rogers (Dec. 16, 1999), Cuyahoga App. No. 74963, unreported, 1999 WL 1204875. Likewise, this was not an order in a special proceeding or upon a summary application in an action after judgment nor was it an order that vacated or set aside a judgment or granted a new trial. See Id; R.C. 2505.02(B)(2)(3). The order does not involve a determination as to whether a class action may be maintained. R.C. 2505.02(B)(5). The only possible applicable paragraph is paragraph 4, regarding provisional remedies. "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The statutory definition does not specifically refer to proceedings to transfer venue nor are any of the listed proceedings akin to a transfer of venue. See Duryee, supra. The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. Id. We find that a decision by a trial court to deny a request for change of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under 2505.02(A)(3). The types of provisional remedies listed under 2505.02(A)(3) include decisions that, made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm. For instance, a preliminary injunction could be issued against a high school football player preventing him from playing football his senior year based on recruiting violations. The trial court could grant the attachment of property for which the owner has a ready buyer. Discovery of privileged material could force a person to divulge highly personal and sensitive information. If evidence critical to the prosecution of a criminal case is suppressed, the state could lose any meaningful chance at successful prosecution of a criminal. The decision to deny a change of venue does not result in any of the types of irreparable harm just listed. There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done. Whereas, when the types of decisions listed in 2505.02(A)(3) are made, the cat is let out of the bag and can never be put back in. Therefore, denial of a request to change venue is not a final, appealable order. In Daccord, Wilson v. Kemp (Nov. 24, 1999), Scioto App. No. 99CA2667, unreported, 1999 WL 1125111. The Second District Court of Appeals has also considered whether venue questions are final, appealable orders. While the Second District Court found that a venue order can qualify as a provisional remedy because it prevents a judgment in favor of the appealing party with respect to the venue question, it found that venue decisions were not final, appealable orders since the party is afforded an effective remedy by way of appeal after final judgment. Jetter v. Abbott (July 31, 2000), Montgomery App. No. 17888, unreported (citing State ex rel. Banc One Corp. v. Walker (1999), 86 Ohio St.3d 169, 173, 712 N.E.2d 742, venue orders do not normally affect a substantial right, because appeal after judgment is an adequate legal remedy). Accordingly, we find that the December 6, 1999, Judgment Entry is not a final, appealable order.
This appeal is dismissed for lack of jurisdiction.
Edwards, J. Wise, P.J. and Milligan, V.J. concur