[Cite as *State ex rel. J.M. v. Celebrezze*, 2023-Ohio-536.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
J.M.,                                              :

      Relator,                                   :

                                        No. 112400

      v.                                        :

THE HONORABLE JUDGE LESLIE                         :
ANN CELEBREZZE,

                                  :

      Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 17, 2023

---

Writ of Mandamus
Order No. 562106

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelly R. Tauring, *for relator*.


MARY EILEEN KILBANE, J.:

{¶ 1}    J. M., the relator, seeks a writ of mandamus in order to compel Judge Leslie Ann Celebrezze, the respondent, to provide "a full hearing and an adequate opportunity to present evidence and testimony" in a divorce action captioned *J.M. v. A.M.*, Cuyahoga D.R. No. DV-22-392166.  We deny the complaint for a writ of

mandamus because the relator has failed to establish that she is entitled to mandamus.

{¶ 2} On January 30, 2023, Judge Celebrezze entered an order that limited the time for each party to present their case:

> Each party shall be allocated a total of three (3) hours in which to present their case. Time used in direct and cross examination will be deducted from the examining parties' time. Evid. R. 611(A). Regalbuto v. Regalbuto, 8th Dist. Cuyahoga No. 99604, 2013-Ohio-5031; Snyder v. Grant, 8th Dist. Cuyahoga No. 103796, 2016-Ohio-5247.

{¶ 3} On February 13, 2023, J.M. filed her complaint for a writ of mandamus. The requisites for mandamus are well established: (1) the relator possesses a clear legal right to the requested relief; (2) the respondent possesses a clear legal duty to perform the requested relief and; (3) there exists no other adequate remedy in the ordinary course of the law. In addition, mandamus may not control judicial discretion, even if the exercise of judicial discretion is grossly abused. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E. 108 (1997); *State ex rel. Board Walk Shopping Ctr., Inc. v. Court of Appeals*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990); *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 4} Evid. R. 611(A), which deals with the direct and cross-examination of a witness, provides that

> [t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

{¶ 5} Pursuant to Evid.R. 611(A), Judge Celebrezze may impose reasonable limits on direct examination and cross-examination based on a variety of concerns, such as harassment, prejudice, confusion of the issues, the witness's safety, repetitive testimony, or marginally relevant interrogation. *Cleveland v. Garcia*, 8th Dist. Cuyahoga No. 100017, 2014-Ohio-1425. In addition, the imposition of time limits on the examination and cross-examination falls squarely within the sound discretion of Judge Celebrezze and can only be addressed as an abuse of discretion through a direct appeal. *See, e.g., Snyder v. Grant*, 8th Dist. Cuyahoga No. 103796, 2016-Ohio-5247; *Regalbuto v. Regalbuto*, 8th Dist. Cuyahoga No. 99604, 2013-Ohio-5031.

{¶ 6} Finally, the fact that a postjudgment appeal may be time consuming and expensive to pursue does not render an appeal inadequate so as to justify extraordinary relief through mandamus. *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 712 N.E.2d 742 (1999); *Fraiberg v. Cuyahoga Cty. Court of Common Pleas*, 76 Ohio St.3d 374, 667 N.E.2d 1189 (1996); *State ex rel. Gillivan v. Bd. of Tax Appeals*, 70 Ohio St.3d 196, 638 N.E.2d 74 (1994).

{¶ 7} Accordingly, we deny J.M.'s request for a peremptory writ of mandamus. Costs to J.M. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 8} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR