DRAIN ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* KOSYDAR, TAX COMMR. ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 77-612—Decided April 19, 1978.)

*Messrs. Drain & Drain* and *Mr. John M. Drain*, for appellees and cross-appellants.

*Mr. William J. Brown*, attorney general, and *Mr. Gene W. Holliker*, for appellants and cross-appellees.

I.

CELEBREZZE, J.  R. C. 2743.03(A) delimits the jurisdiction of the Court of Claims, providing, in pertinent part, as follows:

"There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted

by the waiver of immunity contained in section 2743.02 of the Revised Code * * *."

At the time this action was commenced R. C. 2743.02 provided, in part:

"(A) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

Appellants contend that, by the terms of the above two sections, the General Assembly has withheld from the jurisdiction of the Court of Claims all cases where the subject matter of the action constitutes a claim for which the state has previously consented to be sued. It is appellants' position that appellees had available to them at least two pre-existing avenues of redress within the administrative procedures set forth in R. C. Title 57, and that, under the present circumstances, the Court of Claims is an inappropriate forum in which to seek the recovery of improperly assessed sales taxes.

Appellants, in effect, suggest that, pursuant to R. C. 5739.13, appellee John M. Drain had a right to petition for reassessment within 30 days after receipt of the notices of tax assessment and, after a hearing on the matter, a right to appeal to the Board of Tax Appeals if the findings at such hearing were adverse. Appellants advance this contention despite the fact that they failed to appeal the related judgment of the Court of Appeals for Cuyahoga County, wherein it was held that because the disputed assessments were made pursuant to R. C. 5739.13, and in no manner indicated that John M. Drain was to be held personally liable therefor, under R. C. 5739.33, the trial court's granting of the motion to vacate the tax deficiency judgments would be affirmed.

Clearly, R. C. 5739.13 empowers the Tax Commissioner to make an assessment solely against a vendor or a

consumer, whereas the Tax Commissioner must proceed under R. C. 5739.33 if he seeks to hold an officer or employee of the tax-delinquent corporation personally liable. In the instant cause the Court of Claims conceded that John M. Drain was not a vendor, and it has not been alleged that Mr. Drain was a tax delinquent consumer. It is therefore illogical to contend that appellee John M. Drain (the only appellee named in the assessments) should have exhausted an inapplicable administrative remedy before filing suit in the Court of Claims.

Appellants also suggest that, rather than bringing an action in the Court of Claims, appellee John M. Drain could have recovered the disputed funds by applying for a refund under the provisions of R. C. 5739.07, which reads, in pertinent part:

"The treasurer of state shall refund to vendors the amount of taxes paid illegally or erroneously or paid on any illegal or erroneous assessment where the vendor has not reimbursed himself from the consumer. When such illegal or erroneous payment or assessment was not paid to a vendor but was paid by the consumer directly to the treasurer of state, or his agent, he shall refund to the consumer. When such refund is granted for payment of an illegal or erroneous assessment issued by the department, such refund shall include interest thereon as provided by section 5732.132 of the Revised Code. * * *"

It is apparent that the administrative remedy set forth in the above section is as inappropriate as the remedy provided in R. C 5739.13, since both statutes expressly refer to "vendors" or "consumers," terms which do not embrace any of the appellees under the facts presented herein. Moreover, we endorse the distinction drawn by the appellate court below, which concluded that R. C. 5739.07 was inapplicable because it concerns *taxes paid* illegally or erroneously, as opposed to *funds seized* upon execution of a tax-deficiency judgment.

In the opinion of this court appellants have failed to demonstrate that the subject matter of the instant cause

constitutes a claim for which the state had previously provided an administrative remedy.⁴ Therefore, because the state has consented to be sued in accordance with the same rules of law applicable to suits between private parties (R. C. 2743.02[A]), appellees may maintain an action in the Court of Claims for the alleged conversion of their funds by appellants. Cf. *Sammis* v. *Sly* (1896), 54 Ohio St. 511.

## II.

By filing of a cross-appeal appellees contest the Court of Appeals' ruling that punitive damages should not be awarded against the state. In so deciding, the Court of Appeals extended this court's decision in *Ranells* v. *Cleveland* (1975), 41 Ohio St. 2d 1, wherein it was held that in the absence of a statute specifically authorizing such recovery punitive damages could not be assessed against a municipal corporation.

"The reason generally advanced as the basis for denying the recovery of punitive damages against a municipal corporation or other political subdivision is that to permit such damages would be to contravene public policy, since the parties who must bear the burden of the punishment are the taxpayers and citizens who constitute the very persons who as a group are to benefit from the public example which the granting of such damages is supposed

⁴In a statement of additional authorities, filed belatedly under Section 4, Rule V, Rules of Practice, appellants assert, for the first time in these proceedings, that appellee John M. Drain presently has an additional administrative remedy, *viz.*, he may apply to the Tax Commissioner for a certificate of abatement, pursuant to R. C. 5703.05(B). In accordance with the general rule of appellate procedure this court will ordinarily refuse to consider questions which were not raised in the courts below. See 4 Ohio Jurisprudence 2d 534, Appellate Review, Section 1178. Nevertheless, a perusal of the cited statute does not reveal its relevancy, since the only additional authority granted therein to the Tax Commissioner is in regard to claimed overpayments of taxes to the Treasurer of State, a situation which is clearly distinguishable from the one presented in the cause at bar.

to make of a wrongdoer." 57 American Jurisprudence 2d 268-269, Section 319.

We believe the foregoing rationale applies with equal force in any instance where punitive or exemplary damages are sought to be assessed against the "state," which term is defined in R. C. 2743.01(A) to include, without limitation, the departments, boards, offices, commissions, agencies, institutions or other instrumentalities of the state of Ohio.[5]

It is undeniable that the state can only act through its employees and officers. While the state has consented to be sued for the misconduct of its agents, it would appear that the General Assembly never intended that the state be held liable for other than compensatory damages. Where it is alleged that the acts of a state employee were motivated by actual malice, or were acts which exhibited a willful or wanton disregard for the health, safety and welfare of the general public, the usual prerequisites for assessment of exemplary damages (see 16 Ohio Jurisprudence 2d 178-181, Section 156), such conduct would certainly be outside the scope of state employment, and liability therefor will not be imputed to the state. Recently-enacted amendments to the Court of Claims Act serve to confirm our impressions of legislative intent in this regard.[6]

---

[5]Appellees' complaint names, as defendants, Robert J. Kosydar, Tax Commissioner, William J. Brown, Attorney General, and William T. Boukalik. Upon remand to the Court of Claims, appellees should amend their complaint, so as to name the state department, board, office, commission, agency, institution, or other instrumentality whose actions are alleged as the basis of complaint. See R. C. 2743.13(A).

[6]In Am. Sub. H. B. No. 149, effective February 7, 1978, R. C. 2743.02(A) has been amended to read as follows:

"The state hereby waives, *in exchange for the complainant's waiver of his cause of action against state officers or employees,* its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.

Accordingly, the judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was not within the scope of the officer's or employee's office or employment."* (Emphasis supplied to indicate new language.)

R. C. 2743.02(E) has been added in the above-named Act, and reads, in pertinent part, as follows:

"The only defendant in original actions in the court of claims is the state. * * *"

Thus, the General Assembly has specified that the state intends to assume responsibility for, and thereby become potentially liable in damages for, those acts of a state officer or employee which were committed within the scope of the individual's employment. However, when a state employee acts outside the scope of his employment, *e. g.*, when he is motivated by actual malice, liability for such conduct will not be imputed to the state.