ILLES, APPELLEE; GRESS, ATTY.-IN-FACT, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

(No. 83AP-176—Decided June 9, 1983.)

Messrs. *Emery & Church, Mr. J. Jeffrey Church* and *Ms. Marlene P. Emery,* for Istavan Illes and Don W. Gress.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. John P. Gilligan,* for the state of Ohio.

STRAUSBAUGH, J. This is an appeal by plaintiff Don W. Gress, attorney-in-fact for plaintiff Istavan Illes, from a judgment in the Court of Claims dismissing plaintiffs' complaint setting forth the following two assignments of error:

"1. The Court of Claims erred as a matter of law in ruling that Plaintiff to a certainty would not be entitled to recover from the Defendant under any state of facts which could be proved in support of his claim.

"2. The Court of Claims erred as a matter of law in determining that Defendant is immune from liability merely because it did not receive physical possession of the funds ordered as escheated to the State."

The record, according to the allegations of the complaint and the exhibits attached by reference, indicates that Anna Orban died intestate, a resident of Akron, Summit County, Ohio, where her estate, comprised solely of intangible personal property, was probated in the Summit County Probate Court, which determined that the decedent died without heirs or

next of kin, in accordance with R.C. 2105.06. On May 23, 1969, the Summit County Probate Court ordered that the administrator of the decedent's estate, after the payment of all debts and costs, should turn over to the Summit County Treasurer the remainder of decedent's estate as provided in R.C. 2105.07. On March 26, 1982, the probate court vacated its order of May 23, 1969 and found plaintiff (Istavan Illes), a citizen of the Peoples Republic of Hungary and a nephew of the decedent, to be the only next of kin of the decedent. On November 15, 1982, a complaint was filed on behalf of plaintiff Illes in the Court of Claims to recover the sum of $16,640.44 from the Treasurer of State on the ground that the state of Ohio wrongfully withholds the proceeds of the estate of the decedent under the journal entry dated May 23, 1969, said judgment having since been vacated. On January 11, 1983, the Treasurer of State filed a motion to dismiss the complaint for failure to state a claim for which relief can be granted and for lack of subject matter jurisdiction. No response to the motion having been filed on behalf of plaintiffs, the trial court, on February 7, 1983, dismissed the complaint. It is from this judgment that this appeal is taken by plaintiff-appellant, Don W. Gress. R.C. 2105.06 provides that when a person dies intestate, any personal property shall be distributed to the decedent's heirs at law as provided by said section and, if not, such property shall escheat to the state. R.C. 2105.07 provides that:

"When * * * personal property escheats to the state, the prosecuting attorney of the county in which letters of administration are granted upon such estate shall collect and pay it over to the county treasurer. Such estate shall be applied exclusively to the support of the common schools of the county in which collected."

Escheat is an incident or attribute of sovereignty. The Supreme Court has held that the right of the state to take by escheat can be waived or relinquished. *Lewis* v. *Eutsler* (1854), 4 Ohio St. 354, at 361. In Ohio, by virtue of R.C. 2105.07, the right of the state has been relinquished to the county. In this case, the Summit County Treasurer received the funds now being sought by appellant directly from the administrator of the decedent's estate. Since the right of escheat is an attribute of sovereignty, recovery of escheated property must be with permission of the state. In Ohio there is no statutory or case law which authorizes a rightful heir who appears subsequent to distribution to recover escheated funds. The Court of Claims Act creates no new claim for relief or right of action in this case. The funds sought to be recovered by appellant were paid directly by the administrator of the estate to the Summit County Treasurer. There is no allegation in the complaint, evidence, or provision of the Revised Code, which makes the Summit County Treasurer the agent of the state for this purpose.

In a proper case where the state has possession of funds, an action for conversion can be maintained against it. *Drain* v. *Kosydar* (1978), 54 Ohio St. 2d 49 [8 O.O.3d 65]. However, here the complaint indicates that neither the Treasurer of State nor any other department of the state ever had possession of the funds appellant seeks. Hence, no defendant subject to the jurisdiction of the Court of Claims ever had possession of the money which is the subject of this action. For the foregoing reasons, both assignments of error are overruled and the judgment is affirmed.

*Judgment affirmed.*

McCormac and Moyer, JJ., concur.