THE STATE EX REL. TRACY, TAX COMMR., ET AL. *v.* FRANKLIN COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as *State ex rel. Tracy v. Franklin Cty. Court of Common Pleas* (1993), 66 Ohio St.3d 644.]

(No. 93–459—Submitted June 3, 1993—Decided June 4, 1993.)

*Lee Fisher,* Attorney General, *Richard C. Farrin, Andrew I. Sutter* and *Andrew S. Bergman,* Assistant Attorneys General; *Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., John R. Climaco, H. Ritchey Hollenbaugh, Jack D. Maistros* and *Richard M. Knoth,* for relators.

*Michael Miller,* Franklin County Prosecuting Attorney, *Elizabeth A. Scott, Jeffrey L. Glasgow* and *Bonnie L. Maxton,* Assistant Prosecuting Attorneys, for respondents.

*Jones, Day, Reavis & Pogue, Maryann B. Gall, John W. Zeiger* and *Todd S. Swatsler,* for respondents-intervenors.

This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration thereof,

IT IS ORDERED by the court that said writ of prohibition be, and the same is hereby, granted for the following reasons:

1.   R.C. 5703.38 has no application to this case;

2.   R.C. 2723.01 grants courts of common pleas the authority to enjoin an illegal levy or collection of taxes;

3.   The Franklin County Court of Common Pleas in this case has not yet entered a final order determining the tax levied by R.C. 5753.02 to be illegal, and it therefore has no authority under R.C. 2723.01 or any other statute to enjoin the collection of the tax.

The court further holds that if the common pleas court first determines that the tax enacted in R.C. 5753.02 violates Section 3(C), Article XII of the Ohio Constitution, then the common pleas court has the authority to enjoin collection of the tax, subject to further review in the due course of law.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.