[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 487.]

THE STATE EX REL. TAFT-O'CONNOR '98 *v.* COURT OF COMMON PLEAS OF FRANKLIN COUNTY ET AL.

[Cite as *State ex rel. Taft-O'Connor '98 v. Franklin Cty. Court of Common Pleas*, 1998-Ohio-500.]

*Elections—Writ of prohibition preventing Franklin County common pleas judge from exercising jurisdiction in case involving television advertisement granted when Ohio Elections Commission has exclusive jurisdiction over claims raised in that litigation—Order of trial court vacated and case before it dismissed.*

(No. 98-2109–Submitted October 13, 1998–Decided October 14, 1998.)

IN PROHIBITION and MANDAMUS.

———————————

{¶ 1} Relator, Taft-O'Connor '98, is a campaign committee, as defined by R.C. 3517.01(B)(1), whose joint candidates, Bob Taft and Maureen O'Connor, are candidates for the offices of Governor and Lieutenant Governor, respectively. Respondents are the Franklin County Court of Common Pleas and the Honorable John A. Connor.

{¶ 2} Relator, apparently in October 1998, caused to be aired a television commercial promoting the candidacy of Taft and O'Connor. The commercial stated:

"Politician Lee Fisher. His negative ads are way wrong. Bob Taft never raised property taxes. It says right on the front page of the Plain Dealer: [']Taft didn't raise the taxes.['] But politician Lee Fisher wants to get elected so bad, he's saying just about anything * * *."

{¶ 3} The Plain Dealer article referred to in the commercial actually states:

"*But Taft didn't raise the taxes himself*. Rather, he gave voters the right to decide whether they should be increased. He conceded that he campaigned for some of the proposals, but could not say how many." (Emphasis added.)

{¶ 4} Friends of Fisher is a campaign committee whose joint candidates, Lee Fisher and Michael Coleman, are Taft and O'Connor's opponents in the November 3, 1998 gubernatorial election. On October 9, Friends of Fisher filed an action for declaratory and injunctive relief in respondent Franklin County Court of Common Pleas, *Friends of Fisher v. Taft et al.*, case No. 98CVH10-7844. In that case, Friends of Fisher sought a judgment declaring that the television advertisement is false and fraudulent and requested a preliminary and permanent injunction prohibiting Taft, O'Connor, relator, and their agents from broadcasting the advertisement. On October 10, following a hearing at which counsel for the defendants apparently requested that the case be dismissed for lack of jurisdiction, Judge Connor issued an order restraining the broadcasting of the advertisement until further order of the court.

{¶ 5} On October 12, relator filed this action requesting the issuance of writs of mandamus and prohibition to direct Judge Connor to vacate the October 10 restraining order and to prevent respondents from exercising any further jurisdiction in *Friends of Fisher*. This cause is now before the court on relator's request for an expedited ruling.

—————————

*Chester, Willcox & Saxbe*, *John J. Chester*, *Roderick H. Willcox*, *Charles Rockwell Saxbe* and *Donald C. Brey*, for relator.

—————————

**DOUGLAS, ACTING C.J.**

{¶ 6} S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been

issued." Under S.Ct.Prac.R. X(5), we generally await a response before making this determination, but relator has requested immediate relief in the form of "a peremptory writ of prohibition preventing Respondents from taking any action to enforce the temporary restraining order, and prohibiting the Franklin County Court of Common Pleas and Judge Connor from exercising any further jurisdiction in this matter." Alternatively, relator requests the immediate issuance of an alternative writ requiring respondents to show cause on or before October 19 why peremptory writs should not issue. Given the proximity of the November election and the statewide importance of the issue involved, we find that this cause merits the requested expedited consideration. Moreover, where, as here, it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue. See *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254. See, also, generally, R.C. 2731.06.

{¶ 7} Relator contends, among other things, that Judge Connor had no jurisdiction to enter the restraining order in *Friends of Fisher* and has no jurisdiction to take any other action in that matter because the Ohio Elections Commission has exclusive jurisdiction over the claims raised in that litigation. We agree.

{¶ 8} The Ohio Elections Commission has exclusive jurisdiction over the claims of fraudulent and false statements raised by Friends of Fisher in the underlying action. R.C. 3517.151(A) expressly provides that "complaints with respect to acts or failures to act under the sections listed in division A of section 3517.153 of the Revised Code *shall be filed with the Ohio elections commission* * * *." (Emphasis added.) R.C. 3517.153(A) provides for filing a complaint with the commission for violations of R.C. 3517.08 to 3517.13, 3517.17, 3517.18, 3517.20 to 3517.22, 3599.03, or 3599.031. R.C. 3517.21(B)(10) forbids persons, during any campaign for nomination or election to public office, by means of television advertisement, to knowingly and with intent to affect the outcome of the campaign "[p]ost, publish, circulate, distribute, or otherwise disseminate a false

statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate."

{¶ 9} Additionally, actions for declaratory judgment and injunction are generally considered to be inappropriate where, as here, special statutory proceedings would be bypassed. See, generally, *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1389. By filing a declaratory judgment and injunction action in the common pleas court, plaintiff in *Friends of Fisher* bypassed the mandatory statutory procedure provided by R.C. Chapter 3517 for the filing of complaints with the Ohio Elections Commission. Thus, in *Friends of Fisher*, the respondents had no jurisdiction to resolve matters committed to special statutory proceedings, the lack of jurisdiction is patent and unambiguous, and an extraordinary writ will therefore issue.

{¶ 10} For the foregoing reasons, we issue the requested writ of prohibition, we vacate the order of the trial court in the underlying case, and we dismiss the cause now pending before the respondents, *i.e.*, *Friends of Fisher*.

*Writ granted.*

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs in judgment only.

MOYER, C.J., and COOK, J., not participating.

_____

**PFEIFER, J., concurring in judgment only.**

{¶ 11} I am unwilling to declare that the courts of this state can never exercise jurisdiction over a matter such as the one filed by Friends of Fisher. A majority of this court comes dangerously close to doing so, which would abdicate our constitutional obligation to ensure that all injured parties "have remedy by due course of law." Section 16, Article I of the Ohio Constitution.

**{¶ 12}** Whether the elections commission has exclusive jurisdiction to handle election complaints is arguable; no part of the statutory scheme expressly so indicates. Further, R.C. 3517.153(D), which suggests that civil actions for removal from public office or employment may be based on election law violations, is inconsistent with the concept of exclusive jurisdiction.

**{¶ 13}** What is unarguable is that the elections commission is in many circumstances unable to provide a meaningful remedy to a candidate who suffers substantial, irreparable injury as the result of election law violations, especially when the injury occurs close to the election date. Fines punish violations, but they do not make whole a candidate who has been victimized by the violations. See R.C. 3517.992 and 3517.993. Violations of R.C. 3517.101(F)(2) or 3517.13(G) may result in the violator's forfeiting the election, but even that would not necessarily be a meaningful remedy for a victimized candidate. See R.C. 3517.992(C). Referral of a matter to a prosecutor may result in the violator's receiving criminal penalties, but that clearly is not a remedy of benefit to a victimized candidate. See R.C. 3517.155(A)(1)(c). An election contest is not a particularly satisfying remedy either. See *In re Election of November 6, 1990 for the Office of Atty. Gen. of Ohio* (1991), 58 Ohio St.3d 103, 569 N.E.2d 447.

**{¶ 14}** The statutory scheme allows any person adversely affected by an action of the commission to appeal pursuant to R.C. 119.12. R.C. 3517.157(D). However, when certain, substantial, and irreparable harm is imminent as the result of an election law violation, that jurisdiction may not provide a constitutionally adequate remedy. In such circumstances, the courts of this state have jurisdiction to provide a remedy by exercising appropriate equity powers. Based on the record before us, I do not believe that the Taft ad which led Friends of Fisher to file for declaratory judgment and injunction justifies such an extraordinary exercise of jurisdiction.

{¶ 15} Relator also advances a prior-restraint argument. It is beyond cavil that there can be no prior restraint unless the restraint occurs prior to publication. The restraint in this case occurred after the Taft ad had been published. Prior-restraint law is wholly inapplicable to this case.

_____