OPINION
{¶ 1} Appellant Kathleen Parker filed a class action complaint against Appellee Giant Eagle, Inc., in the Mahoning County Court of Common Pleas. Appellant alleged that Appellee improperly calculated the sales tax after making a deduction for double coupons, resulting in a tax overcharge on the grocery bill. The case was dismissed for failure to state a claim, pursuant to Civ.R. 12(B). The case should have been dismissed for lack of subject matter jurisdiction, as the Court of Claims has original and exclusive jurisdiction over the matters alleged in the complaint. The trial court's judgment is hereby modified to reflect that Appellant's complaint is dismissed for lack of subject matter jurisdiction.
 {¶ 2} Appellant filed her class action complaint on October 5, 2000. Appellant alleged that she made purchases at Appellee's store located in Boardman, Ohio. She alleged that she presented coupons to the cashier in order to take advantage of Appellee's policy of offering an enhanced "double coupon" discount. She contends that the double coupon amount should have been deducted from her total grocery bill prior to calculating the sales tax. She maintains that Appellee charged sales tax on the undiscounted total of her purchases, in violation of Ohio Adm. Code5703-9-15. Appellant accused Appellee of negligence, breach of contract, and a dereliction of a statutory duty to collect the correct amount of sales tax. Appellant requested monetary damages. Appellant also requested a preliminary and permanent injunction to prevent Appellee from continuing to collect excessive sales tax on double coupon sales.
 {¶ 3} On December 5, 2000, Appellee filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6) and (7).
 {¶ 4} On April 12, 2001, Appellant amended her complaint to include a claim of negligent misrepresentation.
 {¶ 5} The court held a hearing on Appellee's motion to dismiss on July 17, 2001.
 {¶ 6} On August 28, 2001, the court issued a judgment entry which granted Appellee's motion to dismiss. The court held that Appellant's claim was essentially a request for the refund of sales tax. The court held that the claim was governed by R.C. 2723.03, which gives the courts of common pleas authority to enjoin the collection of illegal taxes and to refund erroneously collected taxes. The court found that Appellant failed to adhere to the "protest and notice" requirements of R.C. 2723.03. The court also held it could not grant relief for the breach of contract and breach of fiduciary duty claims that Appellant had asserted. The entire complaint was dismissed. Although the judgment did not state that it was being dismissed with prejudice, all dismissals are treated as dismissals on the merits unless otherwise designated by the trial court. Civ.R. 41(B)(3). Therefore, the matter was dismissed with prejudice.
 {¶ 7} Appellant filed this timely appeal on September 27, 2001.
 {¶ 8} Appellant asserts a single assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED BY SUSTAINING DEFENDANT-APPELLEE'S MOTION TO DISMISS."
 {¶ 10} Appellant's complaint is based on its interpretation of Ohio's sales tax laws and regulations, particularly Ohio Adm. Code5703-9-15(B) and (C), which require a vendor to deduct the amount of an enhanced coupon from the purchase price prior to calculating sales tax. Appellant argues that she is not seeking a tax refund, but rather, is seeking damages from a vendor entrusted by the State of Ohio to collect the proper amount of sales tax.
 {¶ 11} Appellant acknowledges that R.C. 5739.07 does allow a consumer, at least in some cases, to apply to the Tax Commissioner of Ohio ("tax commissioner") for a refund of overcharged sales tax. Ohio Adm. Code 5703-9-07(A)(3) states: "[w]hen an application [for a tax refund] is filed by a consumer, it must be shown that the tax was paid directly to the state and not to a vendor or seller." Appellant maintains that she did not pay her sales tax directly to the state, but rather, paid it to a vendor. Appellant argues that, because she did not pay the sales tax directly to the state, she cannot request a refund directly from the tax commissioner. Appellant interprets the combined effect of R.C. 5739.07 and Ohio Adm. Code 5703-9-07 as being a barrier to any administrative remedy for receiving a sales tax refund. Appellant concludes that her only remaining remedy was to file an action for a tax refund in the Mahoning County Court of Common Pleas pursuant to R.C.2723.01 and .03.
 {¶ 12} Appellee presents three arguments in rebuttal. Appellee's first argument is that Appellant did not satisfy the "protest and notice" prerequisite to filing a complaint under R.C. 2723.03. Appellee's second argument is that Appellant's sole remedy was to file a complaint for a tax refund in the Court of Claims. Appellee's third argument is that Appellant should have sued the tax commissioner rather than Appellee. Appellee's second argument is dispositive of this appeal.
 {¶ 13} The standard of review of a dismissal under Civ.R. 12(B)(6) is as follows:
 {¶ 14} "The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. It must appear beyond doubt that plaintiff can prove no set of facts entitling her to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus." Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182.
 {¶ 15} Appellee's second argument is that this case should have been brought in the Court of Claims. There is very little caselaw on the subject of obtaining a sales tax refund in the Court of Claims. Both parties rely on the same case to make their point, Hensel v. Lindley
(Sept. 25, 1985), 3rd Dist. No. 16-84-7. In Hensel, a taxpayer filed a request with the tax commissioner for a sales tax refund. The request was rejected pursuant to R.C. 5739.07, which limits a consumer's administrative remedies for obtaining a sales tax refund.
 {¶ 16} R.C. 5739.07 states:
 {¶ 17} "(A) The tax commissioner shall refund to vendors the amount of taxes paid illegally or erroneously or paid on any illegal or erroneous assessment if the vendor has not been reimbursed from the consumer. When the illegal or erroneous payment or assessment was not paid to a vendor but was paid by the consumer directly to the treasurer of state or an agent of the treasurer of state, the tax commissioner shall refund to the consumer. * * *
 {¶ 18} "(B) The tax commissioner may make a refund to the consumer of taxes paid illegally or erroneously if the tax has not been refunded to the vendor and any of the following circumstances apply:
 {¶ 19} "(1) The consumer is unable to receive a refund from the vendor because the vendor has ceased business;
 {¶ 20} "(2) The vendor is unable to issue a refund because of bankruptcy or similar financial condition;
 {¶ 21} "(3) The consumer receives a refund of the full price paid to the vendor from a manufacturer or other person, other than the vendor, as a settlement for a complaint by the consumer about the property or service purchased.
 {¶ 22} "(C) Applications for refund shall be filed with the tax commissioner, on the form prescribed by the tax commissioner, * * *." (Emphasis added.)
 {¶ 23} R.C. Chapter 5739 deals with sales taxes. R.C. 5739.07
creates an administrative remedy for a consumer to obtain a sales tax refund, but only under very limited circumstances. A consumer may obtain a sales tax refund from the tax commissioner only if the consumer uses the form prescribed by the tax commissioner and if: 1) the consumer paid the sale tax directly to the state of Ohio; or 2) the consumer paid the sales tax to a vendor and one of the three circumstances listed in R.C.5739.07(B) apply. Ohio Adm. Code 5703-9-07(A)(3) states: "[w]hen an application [for a sales tax refund] is filed by a consumer, it must be shown that the tax was paid directly to the state and not to a vendor or seller." This section of the Ohio Administrative Code has not been updated since 1982, and does not take R.C. 5739.07(B) into account, which section gives a consumer three more options for requesting a sales tax refund directly from the tax commissioner. Section (B) was added to the statute in 1997. Nevertheless, none of the options listed in R.C.5739.07(A) or (B) appear to apply to Appellant's situation. The revised version of R.C. 5739.07 continues to prevent most consumers from requesting a sales tax refund directly from the tax commissioner unless the consumer paid the sales tax directly to the state rather than to a vendor.
 {¶ 24} Hensel, supra, went on to hold that a consumer does have an alternative remedy by filing an action with the Court of Claims. Hensel,
supra, at 4. Hensel relied on Drain v. Kosydar (1978), 54 Ohio St.2d 49,374 N.E.2d 1253, which held that, absent a specific administrative remedy in R.C. 5739.07, a plaintiff could file a suit with the Court of Claims to recover funds from the State of Ohio. Id. at 54-55. The reason why the complaint must be filed with the Court of Claims is because the State of Ohio has consented to be sued for money damages only in actions filed in the Court of Claims:
 {¶ 25} "(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, * * *." R.C. § 2743.02(A)(1); see Drain, supra, at 55; Ohio Hosp. Assn. v. Ohio Dept. of Human Services (1991), 62 Ohio St.3d 97, 103, 579 N.E.2d 695.
 {¶ 26} The Court of Claims has exclusive and original jurisdiction over all money suits brought against the State of Ohio:
 {¶ 27} "The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, * * *. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims." R.C. 2743.03; Ohio Hosp. Assn., supra, at 103.
 {¶ 28} The Tenth District Court of Appeals, in a case related toHensel, agreed with the conclusion in Hensel that a consumer's remedy for obtaining a sales tax refund (when the consumer paid the tax to a vendor rather than directly to the State of Ohio) is to file a complaint with the Court of Claims. State ex rel. Hensel v. Court of Claims of Ohio
(Jan. 11, 1990), 10th Dist. No. 89AP-977. The Eighth District Court of Appeals is also in accord with the Hensel decision. Giorgi InteriorSystems, Inc. v. Limbach (Sept. 30, 1993), 8th Dist. No. 62885.
 {¶ 29} We are not aware of any other cases dealing directly with the issue at hand. From the limited caselaw, it would appear that Appellant must file her suit for money damages with Court of Claims. Although Appellant has attempted to frame her suit as a direct action against Appellee only, it is the state's treasury which will ultimately be affected if Appellant's suit for monetary damages is successful. If Appellee did collect an excessive sales tax, it had a duty to remit that excess to the state for the exclusive benefit of the state. See R.C.5739.01. If Appellee did remit the excess sales tax, only the state could ultimately be required to refund the excess. If Appellee did not remit it, the state nevertheless has a right to receive those funds. The state's right to receive those funds may be hindered or precluded if Appellant obtains a monetary judgment for those funds in a forum apart from the Court of Claims. Therefore, Appellant's request for monetary damages is an attempt to get at funds either already possessed by the state or owed to the state, and such a claim must be brought in the Court of Claims.
 {¶ 30} Appellee's third argument is also persuasive. We have determined that Appellant should have brought this case in the Court of Claims. The only permissible defendant in an original action brought in the Court of Claims is the State of Ohio. R.C. 2743.02(E). Therefore, Appellee is correct that Appellant should have named the State of Ohio as the defendant, rather than Appellee. It would be up to the State of Ohio to determine whether Appellee should be joined as a party to the suit.
 {¶ 31} Although we have resolved the issue of which court has jurisdiction over Appellant's claim for monetary damages, Appellant also requested an injunction to be issued to prevent the continued illegal collection of excess sales tax. As noted above, the Court of Claims would have jurisdiction to entertain the prayer for an injunction. See R.C. § 2743.03. The Court of Claims, though does not have exclusive and original jurisdiction over private actions to enjoin the illegal collection of taxes. Thus, a court of common pleas would also have jurisdiction to issue an injunction enjoining the illegal collection of taxes:
 {¶ 32} "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected." R.C. 2723.01.
 {¶ 33} The question remaining is whether the Mahoning County Court of Common Pleas has jurisdiction to issue an injunction which would affect the State of Ohio's liability for monetary damages. We conclude that such an injunction must also be litigated in the Court of Claims.
 {¶ 34} No court of common pleas may enjoin the illegal collection of taxes until there has been a ruling that there is some illegality in the tax itself or in the collection of the tax. State ex rel. Tracy v.Franklin Cty. Court of Common Pleas (1993), 66 Ohio St.3d 644, 645,614 N.E.2d 1047. R.C. 2723.01 gives the courts of common pleas the authority to actually determine whether the collection of a tax is illegal, as a necessary prerequisite to determining whether an injunction should issue. Id.; Peoples Rights Org., Inc. v. Montgomery (2001),142 Ohio App.3d 443, 505, 756 N.E.2d 127. Thus, in requesting an injunction in this case, Appellant has also requested that the Mahoning County Court of Common Pleas declare Appellee's method of calculating sales tax to be illegal. Because Appellant's request for an injunction necessarily includes a claim for declaratory relief, the rules governing declaratory judgment actions also come into play.
 {¶ 35} The Ohio Supreme Court has determined that, "actions for declaratory judgment and injunction are generally considered to be inappropriate where * * * special statutory proceedings would be bypassed." State ex rel. Taft-O'Connor '98 v. Franklin Cty. Court ofCommon Pleas (1998), 83 Ohio St.3d 487, 489, 700 N.E.2d 1232. As was previously discussed, the Court of Claims is the exclusive forum in which a party may litigate claims against the State of Ohio. A decision by the Mahoning County Court of Common Pleas regarding the legality of Appellee's method of collecting sales tax would undoubtedly affect the State of Ohio's rights with respect to Appellant's claim for a sales tax refund. Therefore, an injunction issued by the court of common pleas would, in effect, bypass some aspects of the exclusive jurisdiction of the Court of Claims if Appellant subsequently decided to pursue her claim for monetary damages in the Court of Claims. Pursuant to Taft, supra, it would be inappropriate to allow Appellant to seek an injunction in the Mahoning County Court of Common Pleas as a way to bypass the jurisdiction of the Court of Claims.
 {¶ 36} The Court of Claims has the equitable authority to render declaratory relief and to issue injunctions. Upjohn Co. v. Ohio Dept. ofHuman Serv. (1991), 77 Ohio App.3d 827, 838, 603 N.E.2d 1089; R.C. 2743.03. Class action suits may also be brought in the Court of Claims. See, e.g., Sorrentino v. Ohio Nat. Guard (1990), 53 Ohio St.3d 214,560 N.E.2d 186. Thus, all aspects of Appellant's case may be heard by the Court of Claims.
 {¶ 37} Although we recognize that application to the Court of Claims in cases like that before us presents an unwieldy and, some would argue, impractical process for persons in Appellant's position, nevertheless, unless and until the state legislature chooses to provide another remedy, the Court of Claims remains her sole forum. As the Court of Claims has exclusive jurisdiction over this matter, and seeing that all aspects of this case may be heard by the Court of Claims, we must agree with the trial court that the case must be dismissed. Although the trial court did dismiss the case, it did not do so based on a lack of subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction means that the case is void ab initio, and such a dismissal is not based on the merits of the case. Civ.R. 41(B)(4)(a). The trial court in the instant action dismissed it based on Civ.R. 12(B)(6), and was silent as to whether the dismissal was with prejudice. A trial court's silence as to the effect of a dismissal is treated as a ruling that the dismissal is with prejudice. See Civ.R. 41(B)(3). Therefore, the trial court's dismissal is not in the appropriate form.
 {¶ 38} We hereby modify the trial court's judgment to reflect that the case is dismissed for lack of subject matter jurisdiction of the Mahoning County Court of Common Pleas.
Donofrio, J., concurs.
Vukovich, P. J., concurs.