[Cite as *Copley v. Ohio State Penitentiary*, 2010-Ohio-6328.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT COPLEY

> Plaintiff

> v.

OHIO STATE PENITENTIARY

> Defendant

> Case No. 2010-04319-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} Plaintiff, Scott Copley, an inmate incarcerated at defendant, Ohio State Penitentiary (OSP), filed this action alleging that his t-shirts, towels, wash cloths, and photographs were lost or stolen at some time while stored in the OSP long-term storage vault. Plaintiff submitted documentation showing that he purchased two blue towels, two navy blue t-shirts, and five blue wash cloths on February 27, 2008 while he was incarcerated at the Southern Ohio Correctional Facility (SOCF). On or about June 18, 2008, plaintiff was transferred from SOCF to OSP. Plaintiff was permitted to retain possession of some property items when he was transferred to OSP and the remaining property items were placed in long-term storage under the control of OSP personnel. Attached to plaintiff's complaint was a copy of his "Inmate Property Record" (inventory) dated June 18, 2008, listing property that he was allowed to retain in his assigned cell at OSP. Among property items relevant to the claim is the listing "Assorted Pictures: RA" (reasonable amount). The June 18, 2008 inventory also lists under the heading "Contraband:" seven t-shirts among other items. Plaintiff advised that on or about June

28, 2009, he requested permission from OSP staff to exchange photographs he possessed in his cell with photographs held in long-term storage and also review the remaining property held in long-term storage. Plaintiff further advised that when he subsequently reviewed his property stored under defendant's control he discovered three towels, three wash cloths, two t-shirts and between two hundred and two hundred fifty photographs were missing. Plaintiff contended the above referenced property was lost or stolen as a proximate cause of negligence on the part of OSP personnel and he consequently filed this complaint seeking to recover $249.18 in damages for property loss. Plaintiff also requested an additional $2,000.00 in punitive damages.[1] Payment of the filing fee was waived.

{¶ 2} Plaintiff submitted a copy of his June 18, 2008 property inventory referencing the items that were held in long-term storage at OSP. Of the property relevant to this claim, the inventory lists two t-shirts, three towels, three wash cloths, and a reasonable amount of photographs. Plaintiff submitted a copy of an inventory compiled at SOCF on June 17, 2008 in preparation for his transfer to OSP. Among the property items listed on this inventory are two photo albums, a reasonable amount of photographs, five towels, five wash cloths, and five t-shirts (colored).

{¶ 3} Defendant denied any liability in this matter asserting that plaintiff has possession of the towels, t-shirts, and wash cloths in question and he authorized the mailing of photographs held in long-term storage. Defendant submitted a copy of plaintiff's property inventory compiled on March 23, 2010 at OSP. This inventory lists three blue t-shirts, four blue wash cloths and four "state issue" towels. The inventory does not reference any photographs or personal towels. Defendant submitted a copy of plaintiff's property inventory dated March 19, 2010 reflecting property that was being held in long-term storage at OSP. This inventory lists two photo albums and contains the notation "no pics." There is no listing under the heading "Assorted Pictures." Defendant maintained plaintiff authorized the mailing of photographs held in long-term storage. Conversely, defendant stated, "[p]revious inmate property records do not reflect ownership of the photographs Plaintiff claims are missing." Defendant submitted

---

[1] Punitive damages may not be awarded by the Court of Claims. *Drain v. Koysdar* (1978), 54 Ohio St. 2d 49, 8 O.O. 3d 65, 374 N.E. 2d 1253. Furthermore, this court does not recognize extraordinary damages for simple negligence involving property loss. *King v. Marion Correctional Inst.*, Ct. of Cl. No. 2008-02231, 2008-Ohio-7022.

copies of internal records show plaintiff incurred postage charges for mailing via the United States Postal Service on twenty occasions from September 14, 2009 to the time he filed this action in March 2010. Defendant argued plaintiff failed to produce evidence to establish "he owned any of the alleged missing items."

{¶ 4} Plaintiff filed a response resubmitting copies of his June 18, 2008 inventories as well as the order form (dated February 27, 2008) relating to the purchase of towels, t-shirts, and wash cloths. The inventories show OSP staff stored photographs, towels, t-shirts, and wash cloths with some photographs remaining in plaintiff's possession. Plaintiff denied mailing any photographs from OSP. Plaintiff maintained that the wash cloths and t-shirts represented as missing are property items in addition to the wash cloths and t-shirts that were in his possession on March 23, 2010. The trier of fact finds all property claimed was either lost or stolen while under the exclusive control of OSP personnel.

CONCLUSIONS OF LAW

{¶ 5} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 5) Plaintiff has the burden of proving, by a preponderance of the

evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 8)   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions regarding ownership of property and loss of that property persuasive.

{¶ 13} 9)   Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to OSP on June 18, 2008. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 14} 10)   The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 15} 11)   As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 16} 12)   Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 17} 13)   Plaintiff has suffered damages in the amount of $249.18.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT COPLEY

     Plaintiff

     v.

OHIO STATE PENITENTIARY

     Defendant

     Case No. 2010-04319-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE
DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $249.18. Court costs are assessed against defendant.

                           DANIEL R. BORCHERT
                           Deputy Clerk

Entry cc:

Scott Copley, #468-120             Gregory C. Trout, Chief Counsel
878 Coitsville-Hubbard Road      Department of Rehabilitation
Youngstown, Ohio 44505          and Correction

770 West Broad Street
Columbus, Ohio  43222

RDK/laa
8/3
Filed 8/31/10
Sent to S.C. reporter 12/17/10