[Cite as *State v. Jackson*, 2012-Ohio-5885.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98157

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THEODORE JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527856

**BEFORE:**  Boyle, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:**    December 13, 2012

**FOR APPELLANT**

Theodore Jackson, pro se
Inmate No. 590-406
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43302

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Theodore Jackson, appeals the trial court's judgment denying his motion to withdraw his guilty plea. In his sole assignment of error, he claims that the trial court erred when it denied his motion to withdraw his guilty plea without an evidentiary hearing. Finding no merit to his appeal, we affirm.

<u>Procedural History and Factual Background</u>

{¶2} In June 2009, Jackson was indicted on one count of escape, in violation of R.C. 2921.34(A)(1). The indictment alleged that on or about June 16, 2009, Jackson, knowing he was under detention, purposely broke or attempted to break the detention, or purposely failed to return to detention, and the offense for which he was under detention was "aggravated murder, murder, or a felony of the first or second degree."

{¶3} In March 2010, Jackson pleaded guilty to an amended count of attempted escape, a third degree felony, in violation of R.C. 2923.01 and 2921.34. The trial court sentenced him to 16 months of community control sanctions.

{¶4} Four months later, in July 2010, the trial court found that Jackson violated the terms of his community control sanctions. The trial court revoked Jackson's community control and imposed a sentence of one year in prison. The trial court further advised Jackson that he would be subject to three years of discretionary postrelease control upon his release from prison.

**{¶5}** In February 2012, Jackson moved to withdraw his guilty plea, which the trial court denied without a hearing. It is from this judgment that Jackson appeals.

Motion to Withdraw a Post-Sentence Guilty Plea

**{¶6}** Jackson contends that the trial court erred when it denied his motion to withdraw his guilty plea to attempted escape. He contends that when he was sentenced in 2001 to four years in prison, he was not properly notified of postrelease control, and thus, his 2001 sentence was void. He asserts that when he was released from prison in 2005 and placed on five years of postrelease control, it was based on that 2001 purported void sentence. He, therefore, claims that when he failed to report to the parole board in June 2009, he could not have been convicted of escape because he was not validly on postrelease control.

**{¶7}** Jackson did not appeal his 2010 attempted escape conviction. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6328, 942 N.E.2d 332, paragraph one of the syllabus, the Ohio Supreme Court held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." Jackson, however, is not challenging his 2001 sentence that purportedly has the invalid postrelease control. Rather, he is challenging his 2010 guilty plea to attempted escape that arose from that purported 2001 erroneous postrelease-control sentence. The Ohio Supreme Court recently addressed this exact issue and held that "if a trial court sentences a defendant to an improper term of

postrelease control and the defendant subsequently pleads guilty to violating postrelease control, the defendant is not barred by the principles of res judicata from challenging his conviction." *State v. Billiter*, Slip Opinion No. 2012-Ohio-5144, ¶ 11.

{¶8} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶9} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Thus, our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. *Id.*

{¶10} A defendant who attempts to withdraw a guilty plea *after* sentence has been imposed bears the burden of demonstrating a manifest injustice. *Smith* at paragraph one of the syllabus. This court has explained:

> [a] manifest injustice is defined as a "clear or openly unjust act, * * * an extraordinary and fundamental flaw in the plea proceeding." Again, "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

(Citations omitted.) *State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502, ¶ 13.

{¶11} Further, "[a] trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, except when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 12.

{¶12} There is no transcript before us. Jackson did attach several exhibits to his motion to withdraw his plea, as well as his appellate brief. Some of the exhibits are not readable and he does not explain the relevance of all of them. The most significant exhibit that Jackson attached is a case information form ("CIF") regarding his June 2009 indictment charging escape. The CIF was prepared by Anessa Slater from the Cleveland APA. Slater explains:

> Details of Offense[:] On 9/1/05, the subject was released from prison after serving a 4.0 + 13.0 - 60.0 year prison term for escape (F2), kidnapping (F1), aggravated robbery (F1), felonious assault (F2), RSP (F3) x2, aggravated robbery (F1) x2, RSP (F4)[.] **Upon release, he was given five (5) years of parole supervision.** On 6/3/09, the subject failed to report for an out of custody parole violation hearing as instructed. On 6/10/09, his whereabouts were listed as unknown after attempts to [unreadable]. As of this writing, the subject has not contacted the APA in any manner and a [unreadable] warrant for his arrest is active.

(Emphasis added.)

{¶13} It is clear from reviewing the documents attached to Jackson's motion to withdraw his plea, as well as his appellate brief, that the trial court did not properly advise Jackson in 2001 of the correct term of postrelease control. But it is also clear, according to the CIF, that when Jackson was released from prison in 2005, he was not placed on postrelease control pursuant to his 2001 sentence. Jackson was placed on parole

supervision due to his release from an indefinite prison sentence.

**{¶14}** Thus, based on the record before us, we find that Jackson did not meet his burden of establishing that a manifest injustice would occur if his guilty plea was allowed to stand.   Accordingly, the trial court did not abuse its discretion when it denied Jackson's motion without an evidentiary hearing because the facts, as alleged by Jackson, do not "indicate a manifest injustice would occur if the plea was allowed to stand." *Britford*,   10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 12.

**{¶15}** Jackson's sole assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR