[Cite as *Richardson v. Dept. of Rehab. & Corr.*, 2026-Ohio-791.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| NATHANIEL J. RICHARDSON, JR.<br><br>Plaintiff<br><br>v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>Defendant | Case No. 2025-00969AD<br><br>Deputy Clerk Holly True Shaver<br><br><u>MEMORANDUM DECISION</u> |

{¶1}  Nathaniel Richardson, Jr. ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC").  Plaintiff related on September 26, 2025, at defendant's Belmont Correctional Institution, plaintiff was bitten on the hand by a dog that was part of the canine training program.

{¶2}  Plaintiff seeks damages in the amount of $10,000.00, which includes physical and emotional injuries, as well as a request for punitive damages.  Plaintiff was not required to submit the $25.00 filing fee.

{¶3}  Defendant submitted an investigation report admitting liability in this matter.  However, defendant believes that the appropriate amount to award plaintiff in this instance is $100.00 because plaintiff has a "small superficial skin wound" which was able to be treated with "an over-the-counter ointment and band aid," and the wound did not require stitches.  Moreover, defendant argues that although plaintiff alleges fear and anxiety from dogs as a result of this incident, plaintiff has failed to seek any kind of mental health counseling services.  Defendant also states that it attempted to resolve this issue with plaintiff in exchange for a television.

{¶4}  Defendant also submitted numerous attachments to its investigation report, including a photograph of the wound plaintiff sustained, medical reports that detail plaintiff's wound and the care received, an incident report, and voluntary statements from plaintiff and other inmates.

{¶5} Plaintiff filed a response to defendant's investigation report wherein plaintiff disagreed with some of defendant's claims. Plaintiff also maintains that his rebuttal settlement offer was $463.05, the price of various commissary items. However, plaintiff claims that he was unable to make this settlement demand. Plaintiff further asserts that the photograph submitted by defendant does not accurately depict the severity of the wound, as it was taken after the injury had been cleaned and treated. Plaintiff provided no evidence for this court to properly consider damages, and plaintiff submitted no medical records or opinions from a medical exam or medical expert.

{¶6} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The court is free to believe, or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61 (1964). Additionally, "[t]he application of R.C. 955.28 requires three issues to be determined by the trier of fact in order to find one strictly liable: (1) whether one is the owner, keeper, or harborer of the dog; (2) whether the actions of the dog were the proximate cause of damages; and (3) the monetary amount of damage." *Reynolds v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-5493, ¶ 8 (Ct. of Cl.), citing *Hirschauer v. Davis*, 163 Ohio St. 105, 109 (1955). The court, in the instant action, concludes R.C. 955.28(B) has direct application to the facts presented.[1]

{¶7} Specifically, under R.C. 955.28(B), defendant is classified as a "harborer" of the dog. *See Pickett v. Ohio Dept. of Rehab. and Corr.*, 2001-Ohio-3960 (Ct. of Cl.); *see also Reynolds* at ¶ 9. Additionally, a "harborer is one who has possession and control of the premises where the dog lives and silently acquiesces to the dog's presence." *Flint v. Holbrook*, 80 Ohio App.3d 21, 25 (1992).

{¶8} In the present action, it is undisputed that plaintiff was bitten and injured by a dog harbored by defendant. The record further reflects that plaintiff sustained some

---

[1] Plaintiff also advances a negligence claim under common law. However, because plaintiff prevails on a strict liability claim, the court need not address plaintiff's contention that defendant had notice of the dog's alleged violent propensities. *See, e.g., Dillon v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-2731, ¶ 13 (Ct. of Cl.) (listing the elements necessary to assess a common law action for bodily injuries caused by a dog).

injury as a result of the bite. However, the extent of plaintiff's damage remains a question to be determined by the trier of fact.

{¶9}  The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris*, 25 Ohio App.3d 42 (10th Dist. 1985). Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. *Brewer v. Brothers*, 82 Ohio App. 3d 148 (1992). Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. of Ohio*, 102 Ohio App.3d 782 (12th Dist. 1995).

{¶10}  Upon review, defendant provided multiple Ohio cases involving dog bite claims in which plaintiffs were awarded damages, which the court considers instructive in identifying the factors relevant to damage determinations and in evaluating the similarities and distinctions between those cases and the present matter. However, the court finds that *Reynolds v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-5493 (Ct. of Cl.), presents the most analogous factual circumstances, as both the plaintiff in that case and the plaintiff here sustained minor bite injuries that neither required stitches nor resulted in lasting effects. In *Reynolds*, the court awarded the plaintiff $1,000.00 for pain and suffering. *Reynolds* at ¶ 15-16.

{¶11}  However, the court finds plaintiff's statements regarding plaintiff's emotional injuries not particularly persuasive as plaintiff failed to seek any counseling services to address his alleged anxiety and fear of dogs. *See also Reynolds* at ¶ 14 (denying plaintiff's claim for psychological injuries as plaintiff did not seek counseling to address the issue).

{¶12}  Accordingly, similar to the court in *Reynolds*, *supra*, the Deputy Clerk finds that plaintiff is entitled to $1,000.00.

{¶13}  Notwithstanding, to the extent plaintiff seeks to recover punitive damages, punitive damages are not recoverable in the Court of Claims. *See Drain v. Kosydar*, 54 Ohio St.2d 49 (1978). Finally, although plaintiff mentions the existence of a video of the dog bite incident and a possible spoliation claim, such claim is moot since defendant admits that plaintiff was bitten by the dog.

{¶14} Therefore, judgment is rendered in favor of plaintiff in the amount of $1,000.00.

| | |
|---|---|
| NATHANIEL J. RICHARDSON, JR. | Case No. 2025-00969AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶15} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,000.00.  Court costs are assessed against defendant.


_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 2/20/26
Sent to S.C. Reporter 3/9/26